## AS TO THE VALIDITY OF THE TRANSFER OF TERRITORY FROM A RURAL TO A VILLAGE SCHOOL DISTRICT.

Court of Appeals for Wood County.

JOSEPH JOHANN v. BOARD OF EDUCATION OF MILTON TOWNSHIP, RURAL SCHOOL DISTRICT.*

Decided, May 6, 1915.

*Schools—Transfer of Territory to a Village District—Changes in Boundaries—Adjustment of Funds—Filing of Resolution With County Auditor.*

1. Section 4736, G. C., as amended in 104 O. L., 138, authorizes a county board of education to transfer territory from a rural school district to a village district.
2. The provisions of Section 4727, that centralization shall not be discontinued within three years, does not prevent such changes of boundaries as may be authorized by other statutes and will conserve the best interests of the schools.
3. The statutory provision that an adjustment of the funds and indebtedness of the two districts involved in the transfer shall be contemporaneous with such transfer, is not mandatory but directory only, as is also the provision that the transfer can not become effective until the resolution providing therefor has been filed with the county auditor.

*Fries & Hatfield,* for plaintiff.
*B. F. James,* contra.
Heard on appeal.

RICHARDS, J.

The action is one for an injunction, and the controversy arises over the acceptance of a bid for the erection of a school house in Milton township rural school district, and from entering into a contract for the erection of such school house. We will briefly state the conclusions at which we have arrived.

---

*Motion for an order directing the Court of Appeals to certify its record in this case overruled by the Supreme Court, May 18, 1915.

The electors of this school district voted in favor of centralization of the schools. By action of the county board of education a small portion of this school district was detached from this district and attached to the Weston village school district. Later a further detachment of a tract of 160 acres was made. A portion of this last tract of land so detached was owned and occupied as a residence by Michael B. Metzger, who was a member of the Milton township board of education. Thereafter the board of education not having, for thirty days, appointed a person to fill the vacancy thus caused, the county commissioners appointed R. M. Strow to fill the vancancy. Several contentions are made by the plaintiff which we will dispose of in their order.

First, it is claimed that the county board of education had no right to transfer territory from a rural district to a village district. We hold, however, that G. C. 4736 vests such power in that board. The Legislature could not have intended to limit, by the language there used, a transfer of territory from a rural district to another rural district and from a village district to another village district. The section was not intended to cover all districts, for by its terms it does not embrace city school districts nor county school districts, but in our opinion authorizes transfers between the districts named in the section above cited, when authorized by the county board of education.

It is further contended that a county board of education has no right to transfer territory from a rural district after such district has voted to centralize its schools. We find no such limitation in the statutes. It is provided in G. C. 4727 that such centralization shall not be discontinued within three years. This, however, would not prevent such changes of the boundaries of districts as might be authorized by other statutes, but the same could not be permitted to go to the extent of being used as a pretext to accomplish decentralization.

Our attention is called by counsel to two cases in the 72d volume of Ohio State Reports, the first being *Scott et al* v. *McCullough et al*, on page 538, and the other being *Fulks et al* v. *Wright*, on page 547, and we have given those cases a very careful examination. The doctrine announced in those cases is substantially, that no part of the territory of a special school dis-

trict can be taken to form another special school district, and that
when the schools of a township have been centralized, no part of
the territory so centralized can be taken to form a special school
district.

Since those decisions were announced radical changes have been
made in the statutes of Ohio controlling the formation of school
districts and the power of changing the boundaries of the same.
Indeed, it may be quite true that the statutes relative to chang-
ing the boundaries of districts were enacted in their present form
in part to escape the force of the above decisions, for the very
fact of centralization would naturally raise many questions as
to the propriety of existing boundary lines and the power to
make such reasonable changes as should be necessary to meet the
contingencies arising must be vested somewhere, and, by the
school code in its present form, that power is vested in the county
board of education.

By recent legislation a county board of education has been es-
tablished, and this board has been given the fullest authority, by
G. C. 4736, to transfer territory from one rural or village school
district to another. The board, which is given jurisdiction
throughout the county, is directed to make a survey of its dis-
trict and to arrange the schools so as to make them most easily
accessible to the pupils of the county, and it may proceed without
regard to township lines in making such changes.

The statutes further provide that a rural board of education
may submit the question of centralization to a vote of the quali-
fied electors, and that if the same carries, such rural board shall
proceed to the "centralization of the schools of the rural dis-
trict."

It thus appears that when centralization has become effective, it
is only a centralization of the schools, and that the district still
remains a rural district, and by Section 4736, G. C., cited *supra,*
the county board of education has full authority to transfer terri-
tory from one rural or village school district to another. This
authority then would exist under the present statutes even though
centralization had become effective, but it could not lawfully be
carried to the extent of working a decentralization of the schools.
The object of the statutes is clearly to empower the county board

of education to conserve the best interests of the pupils of the schools of the county, whether they reside in districts in which the schools have been centralized or not.

The plaintiff further contends that a resolution by the county board of education transferring territory from a rural to a village district can not be effective without also at the same time providing for an equitable division of the funds and indebtedness which the rural district may have. The statutes contemplate that such contemporaneous adjustment of the funds and the indebtedness shall be made, but the provisions to that end are manifestly not mandatory, but only directory.

Again, it is insisted by counsel for plaintiff that such transfer can not become effective unless a copy of the resolution is filed with the county auditor. In this case it appears that the proper resolution was subsequently filed, but was, however, not filed at the time of the transfer. The statutory requirement is directory in so far as it fixes the time for such filing, and the filing shown by the evidence in this case is a substantial compliance with the statute.

The statutes investing county boards of education with the power to change the boundary lines of school districts evince a legislative purpose to repose a discretion in the judgment of such boards, and when such boards act within the power conferred by statute, their judgment is only subject to review by the courts, when it appears that they have acted fraudulently, or that they have grossly abused the discretion vested in them.

The defendant insists that a certain prior action brought by *State of Ohio, ex rel David Harris et al*, v. *Board of Education of Milton Township Rural School District*, is *res adjudicata* as to the matters in issue in this case.

In the opinion of this court, Joseph Johann not having been a party to that action, and the same having been disposed of on appeal in this court other than on its merits, and by adjustment between the parties, the same is no bar to the present action.

It follows from what has been stated as to the power of the county board of education that the petition of the plaintiff must be dismissed at his costs.

CHITTENDEN, J., and KINKADE, J., concur.